IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN LEE POWELL,

                    Plaintiff,

     v.                                  CASE NO. 16-3251-SAC

JACK LAURIE, et al.,

                    Defendants.

## MEMORANDUM AND ORDER

      Plaintiff, a prisoner incarcerated in the Atchison County Jail, Atchison, Kansas, proceeds *pro se* and *in forma pauperis* on a complaint filed under 42 U.S.C. § 1983. Plaintiff alleges that he has been denied appropriate medical care for the treatment of diabetes by the staff of the jail. He further alleges he has been retaliated against by jail staff and been denied information.

      By an order dated August 11, 2017, the Court directed Plaintiff to show cause why his complaint should not be dismissed because Plaintiff's allegations were insufficient to state a cognizable claim upon which relief could be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court found that Plaintiff's claims alleging denial of adequate medical care failed state a claim because his allegations did not show the deliberate indifference necessary for an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976. The Court further found that Plaintiff's allegations of denial of information did not make out a violation of the Constitution or federal law and that his claim of retaliation failed because he did not allege a sufficiently adverse responsive action. *See Reed v. Heimgartner*, 579 F. App'x 624, 626-27 (10th Cir. 2014); *Eaton v. Meneley*, 379 F.3d 949, 955 (10th Cir. 2004).

Plaintiff filed no response to the show cause order.  The Court dismissed the complaint on September 20, 2017, as stating no claim for relief (Doc. 23).

Before the Court is Plaintiff's motion to reopen his case (Doc. 26).  Plaintiff states that due to being subject to an order of protection filed by his wife, he was unable to receive mail sent to his home.  He does not state when he received the August 11, 2017, show cause order or the September 20, 2017, order dismissing his case.  He further states he is now back in confinement at the Atchison County Jail.  Plaintiff does not address any of the reasons stated by the Court for dismissing the complaint but states generally that the medical treatment he is receiving is "now even worse" and his "health as a diabetic is in grave danger."

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter.  *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000).  Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances."  *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000).  The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances."  *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000)(quotation marks omitted ).

3

Having reviewed the record, the Court denies Plaintiff's motion. Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas requires that "[e]ach . . . *pro se* party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or *pro se* party is sufficient notice." D. Kan. Rule 5.1(c). The Court finds Plaintiff's failure to comply with this court rule or to advise the Court he was unable to receive court mail regarding his case, and Plaintiff's additional conclusory allegations, provide no good cause or "exceptional circumstances" warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reopen this matter (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

DATED: This 9th day of May, 2018, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**